CHARLES A. RUFF, PLAINTIFF, v.
ELIZABETH RUFF, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 8, 1966.

*Mr. Sidney H. Smith* argued the cause for plaintiff.

*Mr. Maurice H. Pressler* argued the cause for defendant (*Messrs. Pressler & Pressler,* attorneys).

CONSODINE, J. C. C. (temporarily assigned). The case *sub judice* raises an undecided question in matrimonial law.

Plaintiff sues his wife for divorce on the ground of desertion.

The attention of the court was directed to a divorce action between other parties in which this plaintiff was named as corespondent. He was served in accordance with our statute and rules. The adultery was charged to have been committed during both years of the alleged desertion. He chose not to intervene as a party. The divorce was granted on testimony proving adultery under our case law. The *judgment nisi* states that "defendant has been guilty of adultery as charged in the said complaint with Charles Ruff." Ruff in this case denied ever committing adultery with the defendant in that action.

The pertinent statute, rules, cases and authorities are: *N. J. S.* 2A:34–15; *R. R.* 4:97, 4:37–1(c); *Duke v. Duke,* 72 *N. J. Eq.* 515 (*Ch.* 1907), affirmed 72 *N. J. Eq.* 941 (*E. & A.* 1907); *Gray v. Gray,* 95 *N. J. Eq.* 561 (*Ch.* 1924); 2 *Schnitzer and Wildstein, N. J. Rules Service,* A–1186, § 6 (1960); 12 *N. J. Practice (Herr-Lodge, Marriage, Divorce, Separation),* § 1711, *p.* 175 *et seq.* (1963).

In a jural society the right granted a corespondent or *particeps criminis* to deny and intervene is corelated to a corresponding duty to deny and intervene if he is falsely accused.

Nonaction by Ruff is sufficient to bar him in a court of equity from the relief he seeks.